UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

```
FILED
JUN 11 2009
CLERK, U.S. DISTRICT COURT
NORFOLK, VA
```

TYREE M. NEAL, SR., #05534-025,

Petitioner,

v.                                                  ACTION NO. 2:08cv559

PATRICIA R. STANSBERRY

Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner, Tyree M. Neal, Sr. ("Neal"), was convicted in the United States District Court for the Southern District of Illinois. On June 12, 2001, that court sentenced Neal to a term of 137 months. On August 4, 2008, while in custody at the Federal Correctional Center - Medium in Petersburg ("FCC-Petersburg"), Virginia, Petitioner was charged by incident report with violating a Bureau of Prisons rule by engaging in a sex act.

On August 8, 2008, four days after the incident, Neal had a

hearing before the Unit Disciplinary Committee. Neal contends that, in addition to the hearing not being held within the required three-day time period, he was denied the right to call witnesses on his behalf at the hearing. Neal further contends that the disciplinary hearing officer was not impartial.

On November 24, 2008, Neal filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. As the petition was not accompanied by the required filing fee or a request to proceed in forma pauperis, the Court requested Neal's inmate account information from FCC-Petersburg to ascertain whether petitioner should be required to pay a filing fee.

On December 9, 2008, the Court entered an order denying Neal the ability to proceed in forma pauperis and ordering Neal to pay the required $5.00 filing fee within thirty (30) days. A copy of this Order was mailed to Neal at FCC-Petersburg. On December 24, 2008, Neal filed a response to the Court's December 9, 2008 Order. The response was titled "Petitioner's Response to Unauthorized Magistrate F. Bradford Stillman's Gratuitous December 9, 2008 Order." The Court construed the response as an objection which the Court overruled by order on January 8, 2009, and again ordered Neal to pay the required filing fee. A copy of the Court's January 8, 2009 order was mailed to Neal at FCC-Petersburg.[1]

---

[1] The staff at FCC - Petersburg forwarded Neal's mail to Federal Correctional Institution - Florence ("FCI-Florence").

2

On February 3, 2009, the copy of the Court's January 8, 2009 order that was mailed to Neal was returned to the Court as undeliverable.[2]  On February 10, 2009, the Court reentered its January 8, 2009 Order and directed the Clerk to mail a copy of the order to Neal at the United States Penitentiary - Atlanta ("USP-Atlanta") where Neal was then located.

After granting a motion for an extension of time to pay the filing fee, the Court received Neal's filing fee on April 14, 2009. On April 16, 2009, the Court ordered Neal's petition to be filed and directed Neal to file a memorandum of law setting forth the factual basis for his due process claim, as the factual basis was not clear from the petition.[3]  A copy of this Order was mailed to Neal at FCI-Florence, where Neal was then, and is now currently, located.  The Court received Neal's Memorandum on May 27, 2009.

### B. Grounds Alleged

Neal now asserts in this Court that he is entitled to relief pursuant to 28 U.S.C. § 2241 because he was denied due process protections under the Fifth Amendment when the Bureau of Prisons failed to afford him the procedural safeguards set out in Bureau of Prisons Program Statement 5270.07 and 28 C.F.R. § 541.

---

[2] Neal did not advise the Court of his change of address.

[3] By requiring Neal to file a memorandum in support of his petition, the Court was attempting to ascertain whether Neal was properly proceeding under 28 U.S.C. § 2241 or whether his petition should be considered under 28 U.S.C. § 2255.

## II. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

When Neal was transferred to FCI Florence, the warden of that facility gained, and Respondent Patricia R. Stansberry lost, custody of Neal. Accordingly, the Court ORDERS that the petition be deemed amended to substitute Warden, FCI Florence in place of Patricia R. Stansberry as Respondent.

Because service of process cannot be made on the Warden of the Florence Federal Correctional Institution within the Eastern District of Virginia, the Court does not have personal jurisdiction over him. Bowers v. United States Parole Commission, 746 F.Supp. 617, 619 (E.D. Va. 1990). See Chatman-Bey v. Thornburgh, 864 F.2d 804, 810-14 (D.C. Cir. 1988). This Court cannot consider a petition for writ of habeas corpus unless it enjoys personal jurisdiction over the petitioner's custodian. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495 (1973), Schlanger v. Seamans, 401 U.S. 487, 491 (1971). Accordingly, this Court may not entertain Neal's petition.

Rather than dismiss Neal's petition without prejudice, so that he might file it in the appropriate district, it is recommended that the Court exercise its authority under 28 U.S.C. § 1631 to transfer the petition. Section 1631 provides that a court lacking jurisdiction may transfer an action to a court with jurisdiction, where such a transfer would be in the interests of justice. The Court notes that as an incarcerated pro se litigant, Neal would face

significant burdens, including the costs associated with producing and mailing copies of his petition, were he forced to re-file his petition in another District.

### III. RECOMMENDATION

As it appears that this Court cannot exercise personal jurisdiction over Neal's custodian, and that it would serve the interests of justice, it recommends that the Court exercise its authority under 28 U.S.C. § 1631 to TRANSFER this petition for writ of habeas corpus to the United States District Court for the District of Colorado, it appearing that jurisdiction would properly lie in that court.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of

those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984), <u>cert. denied</u>, 474 U.S. 1019 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert. denied</u>, 467 U.S. (1984).

/s/ F. Bradford Stillman
United States Magistrate Judge

Norfolk, Virginia

June 9, 2009

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to the following:

```
Tyree M. Neal, Sr., #05534-025
FCI Florence
P.O. Box 6000
Florence, CO 81266-6000
```

Fernando Galindo, Clerk

By: _____
Deputy Clerk
June 11, 2009